**RAILROAD COMMISSION of
Texas, Appellant,**

v.

**AMERICAN PETROFINA COMPANY
OF TEXAS, Appellee.**

No. 8136.

Court of Civil Appeals of Texas,
Beaumont.

Dec. 28, 1978.

Ralph T. Aldave, Austin, for appellant.

James N. Cowden, Austin, for appellee.

DIES, Chief Justice.

We review a judgment of the District Court of Travis County which struck down a Railroad Commission (appellant) order directing American Petrofina Company of Texas (appellee) to plug a well. The facts are not in dispute.

The well here involved was originally completed by Tenneco Oil Company in 1962 and operated as a dual completion until 1966 under a lease from the surface owner, Lentz.

In December 1969, Tenneco assigned its interest in the Lentz lease to L & F Drilling Co. This assignment transferred title to the equipment on the lease to L & F Drilling Co. Thereafter, the surface owner Lentz leased the tract to Meeker & Co., which in January 1970 purchased the equipment in the Lentz lease from L & F Drilling Co. In June 1970, the Railroad Commission authorized the well involved to be used as a salt water disposal well, but there is no evidence it was ever so used.

Early in 1973, Meeker completed a gas well on the Lentz lease which is still in operation. In May 1973, Meeker assigned its interest in the lease to two other companies, one of which assigned its interest to appellee on October 29, 1973.

After three hearings, the appellant (RRC) ordered appellee to plug the well involved, which then precipitated appellee's lawsuit, from which the Railroad Commission brings this appeal.

The authority for appellant's order to plug the well is found in *Tex.Nat.Resources Code Ann. § 89.011* (1978):

"The operator of a well shall properly plug the well when required and in accordance with the commission's rules that are in effect at the time of plugging" (formerly *Tex.Rev.Civ.Stat.Ann. art. 6005 § 2*).

"Operator" is defined in *Tex.Nat.Resources Code Ann. § 89.002(a)(2)* (1978) as "a person who is responsible for the physical operation and control of a well at the time the well is about to be abandoned or ceases operation" (formerly *Tex.Rev.Civ. Stat.Ann. art. 6005 § 1*).

At the time appellee acquired the Lentz lease, the well involved had long ceased producing and had been abandoned by its operator. Appellee has never used this well, has no intention of doing so, and in fact did not even know it was on the Lentz lease at the time of acquisition. It would strain the English language as well as the statute defining an operator to conclude that appellee is the operator of this well.

In *Humble Oil & Refining Co. v. Cook*, 215 S.W.2d 383, 387 (Tex.Civ.App.—Austin 1948, writ ref'd n. r. e.), the court had before it the situation where the owners of a well had damaged the well and failed to repair and operate it. In refusing to hold that the owners had abandoned the well the court said: "An intention to abandon involves an intention not to return and reoccupy the property." Here appellee never "occupied" the well; so it could not "abandon" it. Or as stated in *Labbe v. Carr*, 385 S.W.2d 592, 597 (Tex.Civ.App.—Eastland 1964, writ ref'd n. r. e.). "It is held that to constitute abandonment of an oil and gas lease there must be both intention to abandon and actual relinquishment of the enterprise."

Appellee most certainly was not the "person . . . responsible for the physical operation and control [of the well involved] . . . at the time the well [was] about to be abandoned or [ceased] operation," *Tex.Nat.Resources Code Ann. § 89.002(a)(2)* (1978).

We hold that appellee is not the operator of the well involved. This makes it unnecessary to address appellant's other points. All of appellant's points are overruled. The judgment of the trial court is affirmed.

AFFIRMED.